IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10389
Conference Calendar
_____

FLOYD LEE SMITH, JR.,

                                        Plaintiff-Appellant,

versus

DALLAS COUNTY TEXAS,
DALLAS COUNTY SHERIFF DEPARTMENT,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95CV00223
- - - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Floyd L. Smith filed a civil rights complaint under 42 U.S.C. § 1983 against Dallas County and the Dallas County Sheriff's Department.  An in forma pauperis complaint may be dismissed as frivolous if it lacks an arguable basis in fact and law.  A § 1915(d) dismissal is reviewed for abuse of discretion. Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

The first inquiry is whether Smith was deprived of a right secured by the Constitution. Baker v. McCollan, 443 U.S. 137, 145-48 (1979) ( § 1983 does not impose liability for duties of care arising out of tort law). The negligent act of an official that causes loss or injury will not state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986) (addressing claim of convicted prisoner).

Smith's allegation that he slipped jumping down from his bunk because the floor was wet from a leak in the roof does not suggest anything more than negligence. Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (prisoner's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and damaging a ring is "a garden-variety negligence claim").

Assuming Smith was a pretrial detainee, and thus giving him the benefit of a higher standard of care, he was entitled to reasonable medical care unless the failure to provide such care was reasonably related to a legitimate governmental objective. Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993). The morning following the fall, Smith was taken to Parkland Hospital where he was x-rayed, examined by a doctor, and referred to a bone specialist. The specialist informed him that his elbow was fractured and that there was nothing that could be done. Smith apparently believes that he should have been given a sling. A prisoner's disagreement with his medical treatment will not support a § 1983 claim. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.